-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Reeseie Nash,

        Plaintiff,

    -v-                                 14-CV-0087A
                                             **ORDER**

THOMAS DIINA, ECHC Superintendent JMD,

        Defendants.
_____

On February 7, 2014, the Court filed an Order granting plaintiff permission to proceed *in forma pauperis* and dismissing with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, the First Claim against defendants Sharon Galbo and Laura Darling in its entirety. (Docket No. 3.) The Court also directed that the summons and complaint be served upon defendant, Thomas Diina, with respect to the Second Claim alleging unlawful strip searches. The Court, however, failed to note that the Third Claim--a religious practices claim--was also pled against Diina. This Order is, therefore, intended only to clarify that both the Second and Third Claims as against Diina were allowed to proceed to service.[1]

---

[1] The Court notes that a Sgt. Franklin was listed in the caption as a defendant and then clearly crossed out by plaintiff. Franklin is also noted in the body of the complaint (Third Claim) as a defendant involved in the alleged denial of plaintiff's right to freely practice his religion. Because plaintiff crossed out Franklin as a defendant, Franklin is not listed as a defendant in the caption of this action on the Docket Report and is not considered to be a defendant in this action. If plaintiff wished to include Franklin as a defendant, he can file an amended complaint naming Franklin as a defendant.

Plaintiff is advised that an amended complaint is intended to completely

A copy of this Order shall be forwarded to the Erie County Attorney's Office, 95 Franklin Street, Room 1634, Buffalo, New York 14202, the office the Court presumes will appear for defendant upon service of the summons and complaint.

SO ORDERED.

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   April 3, 2014
         Rochester, New York

---

replace the prior complaint in the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." Arce v. Walker, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977)); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, if plaintiff files an amended complaint it must include all of the allegations against Diina regarding the Second and Third claims, as well as the claim against Franklin (Third Claim), so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.